# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GAREN KASPARIAN, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | CASE NO.: 2:23-cv-7734 PA (Ex)<br><br>**ORDER ON STIPULATION FOR ENTRY OF JUDGMENT AND ISSUANCE OF PERMANENT INJUNCTION** |

AND NOW, this 13th day of August, 2024, upon consideration of the parties' agreement to resolve the above-captioned litigation, including the claims asserted by Plaintiff American Contractors Indemnity Company ("ACIC") against Defendant Garen Kasparian ("Kasparian") (ACIC and Kasparian collectively referred to herein as the "Parties"), and with Kasparian's consent to the entry of this Order without such consent being deemed an admission of liability by Kasparian, and Kasparian's assertion that no disclosure of trade secrets or confidential information specified below has occurred to any unauthorized third parties, it is hereby ORDERED that:

1. For a period two years from the date of this Order, Kasparian is enjoined and restrained from, directly or indirectly, and whether alone or in concert with others:

   a. Using, disclosing, disseminating, distributing, leaking, publishing, selling or transferring to, or sharing with any person whatsoever, any of ACIC's Trade Secrets or Confidential Information in Kasparian's possession, custody, or control, including, but not limited to, the oral disclosure of this information to third parties.

   b. For purposes of this Order, ACIC's "Trade Secrets" mean information, including a compilation, program, method, technique or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons or entities who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.  Examples of ACIC's Trade Secrets include: (a) Custom forms and documents created for internal use in conducting ACIC business, internal corporate policies and procedures, training presentations, surety bonds claims handling manuals, which are comprised of ACIC's methods for managing its clients' surety bond claims; (b) template claim

correspondence for issuance to clients and claimants advising on indemnity obligations, claim acknowledgement, claim denials, or other resolution, which correspondence contains language specific to particular surety bond claim types; and (c) information regarding ACIC's clients, such as privileged and confidential client matters, client profiles, correspondence with clients, contract terms, attorney work product regarding surety bond claims and potential claims, and other information regarding clients containing contact information, claim information, or other personal information, and (d) ACIC's methods used in providing its claim services to its clients.

      c.    For purposes of this Order, "Confidential Information" is defined as all confidential, proprietary, and/or non-public information concerning the operations, business methods, personnel, costs and finances, marketing plans, research, legal affairs of ACIC, and information created or compiled by ACIC about its clients, including any information created or compiled by Kasparian during his employment with ACIC. Examples of ACIC's Confidential Information include: (a) files and records regarding clients, prospective clients, and vendors; (b) information and documents pertaining to ACIC's own internal analyses and forecasts of readiness to meet client needs, market analyses by surety bond product types, and claims handling manuals and practices; (c) the documents, methods and systems used by ACIC in managing and handling its client's claims, including manuals advising on claims handling practices and correspondence issued to clients advising on acknowledgement of claims, denials, or other resolution; (d) methodologies, strategies, programs, and systems used by ACIC in managing assets, liabilities, claims, and risk and/or in soliciting, marketing, selling and providing services to its clients; (e) private and confidential communications with ACIC's outside lawyers, vendors, consultants, and clients; (f) confidential or private information of third parties that ACIC has contractual and/or legal

obligations to maintain as confidential, including all client information that ACIC and its employees are restricted from disclosing by federal, state or local statutes, ethics rules, or regulations; (g) confidential financial and accounting information of ACIC (such as claims handling practices, cost, pricing information, price lists, financial policies and procedures, revenues, and profit margins, targets, and forecasts); (h) information concerning ACIC's current and prospective clients and vendors (including, but not limited to, client lists and similar compilations, and information that clients and vendors expect Plaintiff to keep as confidential); (i) the identity of, and the terms and provision of any contract, agreement, trade practice, custom or other agreement between ACIC and any person, company or other entity except for any employment contract between ACIC and Kasparian; and (j) other non-public information of Plaintiff that would be valuable for a competitor or other person or entity to have. Notwithstanding anything to the contrary, Kasparian does not stipulate that Confidential Information includes any information that Kasparian obtained from a non-confidential or public source, including from ACIC and an ACIC client itself.

        d.      For the purposes of this Order, Confidential Information and Trade Secrets do not include any generic procedures, vendors, and information that are not unique to ACIC and are generally known or available to a person with expertise in the bonding industry.

        2.      This Permanent Injunction meets all of the requirements of Rule 65 of the Federal Rules of Civil Procedure.

        3.      No bond shall be required for entry of this Permanent Injunction.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce the terms of this Agreed Permanent Injunction which shall become effective upon the entry of this Order.

IT IS FURTHER ORDERED that this Order shall constitute Final Judgment as to all claims and parties in the above-captioned litigation, and as no further matters remain pending, shall be dismissed with prejudice.

**IT IS SO ORDERED.**

Entered this 13th day of August 2024

_____
Percy Anderson
United States District Judge